UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEMMON J. WELFORD d/b/a T.O.'s**                                                                 **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 1:06CV124 LTS-RHW**

**ACCEPTANCE INDEMNITY INSURANCE
COMPANY, and INSURANCE ASSOCIATES
OF MISSISSIPPI, INC. ET AL.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION

   The Court has before it the motion of Plaintiff Kemmon J. Welford (Welford) to remand this action to the Circuit Court of Harrison County, Mississippi.  For the reasons set out below, this motion will be granted.

   This action involves property damage sustained in Hurricane Katrina. Plaintiff Welford operates a business located at 622 16th Street, Gulfport, Mississippi.  Welford purchased a general liability insurance policy issued by Defendant Acceptance Indemnity Insurance Company (Acceptance).  Welford alleges that he purchased this policy through Defendant Insurance Associates of Mississippi, Inc. (Associates)

   Welford has sued Acceptance and Associates to recover policy benefits for property damage that occurred during Hurricane Katrina.  The state court complaint does not allege that any suit has been filed against Welford or that any third party has made a claim against him for damages.  My reading of the complaint suggests that Welford is seeking policy benefits for his own property damage, a loss that does not appear to be covered by the terms of this general liability policy.

   The state court complaint alleges that: "The Plaintiff obtained these policies of insurance through the Defendant, Insurance Associates of Mississippi, Inc.'s agent Patsy Pruitt Miller, who at all times represented that said parties [sic] were proper and adequate and would provide insurance and indemnity coverage for claims, such as losses incurred by Plaintiff on August 29, 2005 due to Hurricane Katrina." (Complaint Paragraph 9) This is the only substantive allegation in the complaint related to the actions of Defendant Associates.  This paragraph refers to "parties" being proper and adequate, but in the context of the allegation, I believe the plaintiff means "policies."

Removal of this action is premised on Acceptance's allegation that Welford has fraudulently joined Associates as a party defendant in order to defeat this Court's diversity jurisdiction.  If Associates has been properly joined, there is no complete diversity of citizenship and no subject matter jurisdiction, since Welford is a Mississippi citizen and Associates is a Mississippi corporation with its principal place of business in Mississippi.

The party alleging fraudulent joinder bears the burden of proving its allegation.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). In determining whether a non-diverse defendant has been fraudulently joined, the Court must accept the material allegations of the complaint as true, allow all reasonable favorable inferences in favor of the party seeking remand, and resolve all doubtful issues of law in that party's favor.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).   Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit Welford's theory of recovery and allegation against Associates.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Of course, the truth of Welford's allegations; the circumstances in which the Associates representative made the alleged representations; the question of whether Welford reasonably relied upon these statements, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, Welford's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Welford's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Acceptance has failed to establish that Welford has no viable legal theory upon which he may proceed against Associates.

Accordingly, I will grant the motion to remand without prejudice to the right of Acceptance  to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 28th day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge

Case 1:06-cv-00124-LTS-RHW   Document 11   Filed 07/28/06   Page 4 of 4